HAGEL, Judge,
with whom SCHOELEN, Judge, joins, dissenting:
Although I agree with the majority’s determination that Sue Padgett’s motion for substitution is moot, I write separately to express my disagreement with the majority’s application of the Federal Circuit’s recent opinion in this matter and the majority’s denial of the Secretary’s motion to withdraw the Full Court Opinion in the appeal of Barney Padgett.
*170 In this case, Sue Padgett filed a claim for accrued benefits, which a VA regional office granted in January 2007. As a result of this disposition, the Secretary asserts that Sue Padgett’s motion to be substituted for her deceased husband, Barney, in his separate appeal before this Court should be denied. The Secretary further contends that because Barney Padgett is now deceased, his appeal (in which Sue Padgett had sought substitution) is now moot and should be dismissed, resulting in the withdrawal of this Court’s April 2005 Full Court Opinion in Barney Padgett’s appeal. Sue Padgett opposes the Secretary’s motion on the basis that, if the Court’s April 2005 opinion is withdrawn, the Secretary would have the authority to rescind the award of accrued benefits by vacating the decision that her husband’s disability was service connected. See 38 C.F.R. § 3.105 (2008). Despite the majority’s conclusion that Barney Padgett’s motion before this Court is moot, it holds that withdrawal of the April 2005 Full Court Opinion is unwarranted in this case. The result of this action is the reinstatement of the Full Court Opinion that was issued after the death of the appellant and, hence, after the termination of the claim upon which the appeal was based. In doing so, the majority departs from well established legal precedent and issues an advisory opinion in its purest form.
Although the majority provides the facts it finds relevant to this case, this appeal is more involved than the majority’s decision portrays and it is important that we recall clearly the facts of this case and the established precedent governing such situations to put the majority’s opinion, and this dissent, into their proper context.
I. PROCEDURAL HISTORY
The procedural history of this case is far from tidy. It is important to keep in mind, however, when reviewing this history that it involves two separate but related claims-Barney Padgett’s claim for disability compensation under 38 U.S.C. § 1110 and his widow, Sue Padgett’s, claim to receive any benefits that were due Barney Padgett on that claim, but unpaid at his death, otherwise known as accrued benefits under 38 U.S.C. § 5121.
In December 2002, Barney Padgett appealed the Board’s denial of his claim for disability compensation for a right hip disability. In July 2004, a panel of this Court issued a decision remanding Barney Pad-gett’s appeal to VA for its failure to consider certain evidence. Both parties moved for full court consideration of the appeal. The motions were granted in September 2004 and the Court withdrew its July 2004 panel opinion at that time. In November 2004, Barney Padgett died. In June 2006, Sue Padgett filed her own claim for accrued benefits based on her deceased husband’s claim.
VA denied Sue Padgett’s accrued benefits claim in November of 2006. Despite the fact that the July 2004 opinion had been withdrawn in September 2004, VA erroneously cited that opinion as evidence it considered in the adjudication of Sue Padgett’s claim.[4]
Neither of the parties notified the Court of Barney Padgett’s death and, because *171 the Court was not aware of that fact, the full Court proceeded to consider Barney Padgett’s appeal of the Board’s decision denying entitlement to disability compensation, issuing its decision in April 2005. The April 2005 Full Court Opinion reversed the Board’s decision, finding that Barney Padgett was entitled to secondary service connection for his right hip disability, and remanded the claim for VA to consider the issues of entitlement to benefits on direct and presumptive theories. Following notification to the Court of Barney Padgett’s death, in September 2005, the Court withdrew the April 2005 Full Court Opinion, citing Landicho v. Brown, 7 Vet.App. 42 (1994) and Zevalkink v. Brown, 102 F.3d 1236 (Fed.Cir.1996). Unlike the July 2004 withdrawn Panel Opinion and despite its withdrawal, for unknown reasons the Full Court Opinion was erroneously published in the bound volume of the Veterans Appeals Reporter at 19 Vet.App. 133. Compare 18 Vet.App. 188-204. The order withdrawing the April 2005 Full Court Opinion also denied a motion by Sue Padgett to substitute for her deceased husband in his appeal or to intervene therein. It was the Court’s September 2005 order, withdrawing its earlier opinion and denying Sue Padgett’s motions, that was appealed to the Federal Circuit. On January 5, 2007, the Federal Circuit issued its opinion, reversing this Court’s September 2005 order withdrawing the April 2005 Full Court Opinion, and remanding the case to this Court for action consistent with that opinion. 473 F.3d 1364 (Fed.Cir.2007). In its decision, the Federal Circuit specifically identified two issues which it had to decide:
This case presents two [questions of law]. First, where a veteran dies after his case is submitted for decision, but before the opinion issues, does the Veterans Court have authority to issue the judgment nunc pro tunc as of the time of his death? Second, and intertwined with the first, is whether, under these circumstances, the surviving spouse, as accrued-benefits claimant, may be substituted on her husband’s appeal?
Id. at 1367 (emphasis added). As discussed more fully below, the Federal Circuit answered both questions in the affirmative. Id.
Twelve days after the Federal Circuit’s opinion was published, VA, apparently acting on its own initiative, conducted a special review of Sue Padgett’s accrued benefits claim.[5] As a result of that review, the regional office found that its prior decision denying VA benefits to Barney Padgett for his right hip disability was clearly and unmistakably erroneous. The regional office found that Barney Padgett’s right hip disability was service connected on a direct basis and awarded Barney Padgett a disability rating of 30%, effective March 5, 1993, the date he filed his claim. Significantly, however, the decision noted that its findings were made for the purposes of calculating accrued benefits for a claim filed by Sue Padgett. On January 18, 2007, Sue Padgett was notified that, based on her claim for accrued benefits, she would receive a sum of $58,225.00 in accrued benefits. The regional office cited both the Full Court Opinion and the Federal Circuit’s January 2007 decision, permitting substitution of an accrued benefits claimant in a claim submitted to the Court *172 for decision, as evidence that it considered in reaching its decision.
II. EXISTING PRECEDENT REGARDING VACATUR ON THE DEATH OF AN APPELLANT
Since our 1994 decision in Landicho (approved two years later by the Federal Circuit in Zevalkink) this Court has recognized the statutory reality that a claim by a veteran for disability compensation and a claim by a widow for accrued benefits due a deceased veteran or for dependency and indemnity compensation, while related, are separate claims, each emanating from its own statutory basis and each with a different claimant. Further, the Court has recognized that a veteran’s claims for disability compensation terminate at his death. See Landicho, 7 Vet.App. at 47. Landicho also changed the language of Rule 43 of the Court’s Rules of Practice and Procedure to permit substitution for a deceased claimant only to the extent permitted by law.
Consequently, since 1994, the Court’s standard practice in resolving pending appeals where an appellant dies is to dismiss the appeal as moot and vacate the underlying Board decision. By taking these actions, the Court sought to ensure that an accrued benefits or dependency and indemnity compensation claimant would have his or her independent claims adjudicated without being encumbered by a non-final Board decision on the deceased veteran’s underlying claim upon which those benefits might depend. In short, after Landicho, the general rule upon the death of an appellant has been to dismiss the appeal, vacate the Board decision that was the subject of that appeal, and deny motions for substitution. See Pekular v. Mansfield, 21 Vet.App. 495, 501 (2007). The majority seems to ignore this precedent, instead finding that this Court’s authority to withdraw a prior judgment following the death of an appellant is “discretionary.” Supra at 165.
III. THE PADGETT EXCEPTION TO THE GENERAL RULE ESTABLISHED IN LANDICHO AND ZEV-ALKINK
In its January 2007 decision, the Federal Circuit held that, if certain conditions were met, this Court could depart from the general rule established in Landicho, permit the substitution of a bona fide accrued benefits claimant for a deceased appellant, and issue its decision nunc pro tunc, as if it were decided before the veteran-claimant’s death. In doing so, the Federal Circuit recognized the interrelationship between the veteran’s disability compensation claim and a survivor’s claim for benefits that had accrued to the veteran before his death.[6]
The Federal Circuit began its discussion of this Court’s authority to issue a decision nunc pro tunc by citing Mitchell v. Overman, 103 U.S. 62, 64-66, 26 L.Ed. 369 (1880), for the proposition that when delay in deciding a case is for the convenience of the Court and not the fault of the parties, the Court’s decision may be entered retro *173 spectively. Importantly, the Federal Circuit noted that the purpose for such an irregular action was that, “[i]n such cases, ... it is the duty of the court to see that the parties shall not suffer by delay.” Padgett, 473 F.3d at 1367 (quoting Mitchell, 103 U.S. at 65, 103 U.S. 62) (emphasis added). The Court went on to cite a number of cases indicating that the purpose of a nunc pro tunc order is to ensure fundamental fairness for the parties. Id. at 1368.
The Federal Circuit next noted a significant factual difference between the underlying claims in Padgett and Landicho. Mr. Landicho died after a Notice of Appeal had been filed with the Court, but before the case had been submitted to the Court for decision. On the contrary, Barney Padgett died after his appeal had been submitted to this Court. Consequently, the Federal Circuit reasoned, it was proper to dismiss Mr. Landicho’s appeal, because dismissal of that appeal accompanied by setting aside the underlying Board decision, which was rendered a nullity by virtue of his death, would permit Mrs. Landicho to pursue an accrued benefits claim from the same point that Mr. Landi-cho was in presenting his claim at the time of his death. Id. at 1369. In contrast, the Federal Circuit found that, because Barney Padgett died after his case had been submitted to the Court, the underlying Board decision was in a different state of finality than in Landicho. Thus, to place Sue Padgett in the same position as her husband in pursuing her claim, the Court could, if circumstances warranted, issue the Full Court Opinion nunc pro tunc to the time prior to Barney Padgett’s death. As explained by the Federal Circuit, under these circumstances, Barney Padgett’s disability claim would be wholly analogous to the accrued benefits claim of Sue Padgett. Id. at 1370.
The Federal Circuit next considered the question of the appropriateness of granting Sue Padgett’s motion to substitute for her deceased husband. In so doing it made another specific and important finding that, “[b]eeause of the general rule that a veteran’s claim for benefits ends with his death, if Sue Padgett could not be substituted, nunc pro tunc relief would be inappropriate.” Id. The Federal Circuit then explained the two-part test that must be satisfied for substitution to be considered. First, a case or controversy must exist, specifically that the underlying appeal is not moot. Id. Second, the party seeking to be substituted must have standing, or be “adversely affected” by the Board decision on appeal, under 38 U.S.C. § 7266(a). Id. Lastly, the Court noted a third consideration, whether such relief is required to provide justice and fairness to the parties. I note that in its analysis regarding the appropriateness of substitution in this case, the majority fails to cite the Federal Circuit’s decision, in particular the test for substitution. Applying its test, the Federal Circuit’s findings and analysis are as follows: the authority to issue a decision nunc pro tunc in the case of a deceased veteran depends first upon satisfying the test to substitute a bona fide accrued benefits claimant, and even if substitution could be made, whether the issuance of a decision nunc pro tunc is necessary to provide justice to the parties.
IV. APPLICATION TO THE ISSUES BEFORE THE COURT
First, it is important to note that Barney Padgett’s claim died with him, hence, his appeal became moot upon his death in November 2004. See Landicho, 7 Vet.App. at 47. The majority seems to ignore this fact in stating “it was the Secretary’s decision to award Ms. Padgett accrued benefits, not the death of Barney Padgett or other happenstance, that ultimately *174 caused this appeal to become moot.” Supra at [xx]. Under the precedent of the Court, Barney Padgett’s appeal became moot upon his death, but, as a potential accrued benefits claimant, Sue Padgett, through her motion to substitute, had the potential to revive a case or controversy in Barney Padgett’s case. However, because Sue Padgett has now prevailed in her separate claim for accrued benefits, she has already received all the benefits available to her had she prevailed in her motion to be substituted in her deceased husband’s appeal to this Court. Thus, the underlying purpose for her motion to substitute, to eliminate unnecessary delay in a decision on her claim for accrued benefits, ceased to exist when her 2006 claim for accrued benefits was granted in January 2007. In short, there is simply no reason now to permit substitution in Barney Padgett’s appeal. In terms of the Federal Circuit’s test, Sue Padgett fails that test because she is no longer adversely affected by anything that may have occurred in VA’s adjudication of her deceased husband’s claim. Consequently, her motion to substitute is now moot and Barney Padgett’s original appeal remains moot because there is no person with standing to revive it. The majority appears to agree with this analysis and would also deny Sue Padgett’s motion to substitute. However, in doing so, the majority fails to recognize that without substitution, only Barney Pad-gett’s underlying appeal is still before the Court. Because his claim terminated at his death, the proper course is to dismiss his appeal and vacate the underlying Board decision. See Landicho, 7 Vet.App. at 47.
Although my colleagues writing separately to concur with the majority’s disposition of this case would look back to the time that Sue Padgett originally sought substitution to decide the issue of mootness, such a view is not supported by law. See Arizonans for Official English v. Ariz., 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (citing United States Parole Comm’n v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)) (describing mootness as “the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)”) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)). An appellant must have standing throughout the entire appellate process or the case becomes moot. Id. As a result, I disagree with my concurring colleagues’ retroactive focus to the time that Sue Padgett filed her original motion for substitution.
Following the dictate of the Federal Circuit’s January 2007 decision, because Sue Padgett cannot be substituted for her husband in his claim for benefits, the 2005 Full Court Opinion may not be given nunc pro tunc effect under authority of that case. Padgett, 473 F.3d at 1370. As a result, I would grant the Secretary’s motion to dismiss Barney Padgett’s appeal and to withdraw the April 2005 Full Court Opinion. The majority, however, ignores the Federal Circuit’s January 2007 decision in this case and gives the April 2005 Full Court Opinion nunc pro tunc effect. This result is not sanctioned by the Federal Circuit. In so doing, the majority avoids discussing the Federal Circuit’s analysis in its decision in Padgett and relies on a series of cases emanating from U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).
As explained in Bancorp, the disposition of moot cases rests on concepts of equity and the conditions that rendered the case moot. Bancorp, 513 U.S. at 24, 115 S.Ct. 386. In Bancorp, the Supreme Court de *175 cided the narrow issue of whether it was appropriate to order vacatur of a lower appellate court decision when the appeal became moot by reason of settlement. Although the language in Bancorp, if taken out of context, could be used to support the majority’s position, Bancorp cannot be separated from its facts. Furthermore, Bancorp and the cases relying on it do not alter this Court’s well-established practice of ordering vacatur in moot cases. See Landicho, 7 Vet.App. at 47; see also Bancorp, 513 U.S. at 23, 115 S.Ct. 386; United States v. Munsingwear, Inc., 340 U.S. 36, 40, 71 S.Ct. 104, 95 L.Ed. 36 (1950).
Indeed, the Bancorp line of cases is distinguishable from Padgett in that those cases do not involve the fact situation that we have here: two separate claims, each asserted by a different individual in his or her own right, and a motion by one individual to substitute for the other at death. The Bancorp line of cases focus on fairness to the parties who have a demonstrated interest in the litigation. In this case, the only parties who had any interest in this litigation at any time are Barney and Sue Padgett. However, Barney Padgett has no further interest in this litigation because any entitlement to benefits was extinguished at his death. Sue Padgett no longer has an interest in this litigation because she has been awarded all of the benefits that she sought.
Furthermore, the cases cited by the majority are not governed by law dictating that a veteran’s claim dies with the veteran. See Landicho, 7 Vet.App. at 47. Barney Padgett’s appeal, not Sue Padgett’s accrued benefits claim, was considered by the Court in April 2005. Indeed, the appeal remains Barney Padgett’s even if Sue Padgett were to be substituted for him following the guidance provided by the Federal Circuit. The only purpose of substitution would be to avoid any unnecessary delay in a decision on Sue Padgett’s claim, which was derivative of her husband’s underlying claim now on appeal. However, when Sue Padgett’s separate claim for accrued benefits was granted, any reason for substitution of Sue Padgett in Barney Padgett’s underlying appeal ceased to exist.
If the- course set by the Federal Circuit were followed, there could be no substitution and consequently no action that would warrant issuing our April 2005 decision nunc pro tunc. Rather, in this situation, the Court’s standard and consistent practice of dismissing the appeal and vacating the offending Board decision is the appropriate course of action. Such actions would eliminate the • 2002 Board decision that, if left in place, would conflict with the 2007 regional office decision granting Sue Padgett’s claim for accrued benefits and there would be no resulting injustice to the parties. Any other course, no matter how well intentioned, amounts to an advisory opinion on issues no longer before this Court.
Assuming that this Court could, through the exercise of some inherent power, permit its decision in a moot appeal to remain as precedential authority based on concepts of equity, the cases cited simply do not support such action. Should the majority wish to establish a new exception to the general rule in Landicho, it should do so clearly, instead of ignoring the well-established precedent of the Court.
The majority states that the Full Court Opinion clarified the application of the “clearly erroneous” standard of review in cases on appeal to this Court.[7] However, *176 although I agree with the articulation of the “clearly erroneous” standard of review expressed therein, a review of the cases cited in the Full Court Opinion does not compel the conclusion that a clarification of the appropriate application of the “clearly erroneous” standard of review was necessary. See Hicks v. Brown, 8 Vet.App. 417, 422 (1995); see also Gilbert v. Derwinski, 1 Vet.App. 49, 53 (1990). Further, assuming that clarification is needed, the issue of the application of the “clearly erroneous” standard of review arises with great frequency in appeals before this Court and could be clarified in other cases that present the Court with a true conflict involving parties with standing and in which the Court’s pronouncement will have an actual effect on the necessary parties, as opposed to this case, in which the Court is reinstating a free-standing, advisory opinion unattached to any existing case or controversy. Certainly, the majority does not explain why the facts of this case demand such a drastic departure from our precedent, which in turn would only set a bad, or at least inexact, precedent that may itself one day require further clarification.
By this dissent, I do not say that I would never deny a motion to vacate a decision of this Court. However, the facts of this case do not support abandoning our traditional adherence to the concept of mootness in favor of applying equitable principles. For these reasons, I respectfully dissent.

. The regional office noted Barney Padgett's death and indicated that the matter was being decided to determine Sue Padgett's entitlement to compensation that may have accrued from the alleged service-connected disability. The regional office decision, however, did not mention either the April or September 2005 actions of the full Court, described below. Sue Padgett's representative, who actively communicated with the regional office regarding her claim for accrued benefits, also failed to call the regional office’s attention to them.

. Although the rating decision necessarily speaks in terms of Barney Padgett’s injury, because Barney Padgett was deceased at that time the only viable claim upon which the regional office could act was Sue Padgett's 2006 accrued benefits claim. In its letter notifying Sue Padgett of her award of benefits, the regional office clearly indicated that it was adjudicating only Sue Padgett’s accrued benefits claim.

. Although the reasoning is not entirely clear, the Federal Circuit found that to overcome the termination of a veteran’s claim at his death when considering a claim for accrued benefits, a Court decision rendered after the death of a veteran would have to be issued nunc pro tunc to the date immediately prior to the veteran's death and that the live person seeking accrued benefits would have to be substiluted as the appellant. In my view, the reason for these requirements would be to prevent the termination, by operation of law, of the appeal of a decedent at his death by means of substituting a live person with standing as the appellant in that appeal. A panel of this Court has discussed this apparent incongruity. See Pekular, 21 Vet.App. at 501.

. The majority states that the Full Court Opinion was "effective for several months, in 2005, and since the Federal Circuit Decision.” Supra at 167. To be more specific, the Full *176 Court Opinion was issued April 19, 2005, and withdrawn on September 7, 2005, slightly more than 5 months,